**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 17 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50007 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-01874-LAB-1 |
| v. | |
| MARIO SANCHEZ-SOTO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted June 1, 2015
Pasadena, California

Before: M. SMITH and N.R. SMITH, Circuit Judges and LAMBERTH,[**] Senior
District Judge.

Defendant Mario Sanchez-Soto was arrested while attempting to drive

across the border between Mexico and the United States at the San Ysidro Port of

Entry in California. His truck contained almost 10 kilograms of cocaine, hidden in

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Royce C. Lamberth, Senior District Judge for the U.S.
District Court for the District of Columbia, sitting by designation.

compartments inside the truck. Sanchez was tried and convicted for knowingly importing cocaine in violation of 21 U.S.C. §§ 952 and 960. He is currently serving a 75 month term of imprisonment. Sanchez now raises a number of issues on direct appeal of his conviction and sentencing.[1] Two of those issues warrant reversal of the judgment. Because reversal is warranted on these two grounds, we decline to reach the other issues Sanchez raises. We reverse and remand to the district court for further proceedings in accordance with this memorandum.

1. Sanchez argues that a statement made by his wife Marta in a jail call with him was improperly admitted over a hearsay objection. The government responds that this statement is an adoptive admission by Sanchez and, therefore, admissible as non-hearsay. Evidentiary rulings are reviewed for abuse of discretion. *United States v. Whittemore*, 776 F.3d 1074, 1077 (9th Cir. 2015). Evidentiary errors are subject to harmless error review. *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 464 (9th Cir. 2014) (en banc).

The statement is reprinted below:

Sanchez: Did Chui give you anything?

---

[1] The district court had original jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Marta:      No.  Just, uh, 1500 for the thing about the dogs, because he told Mario to bring us some money.

Sanchez:    Oh, okay.  Well, so . . . [transcript states that voices began overlapping and were unintelligible at this point].

Appellant's Excerpts of Record ("ER") 283.

Under Federal Rule of Evidence 801(d)(2)(B), a statement is not hearsay if it is offered against an opposing party and it "is one the party manifested that it adopted or believed to be true."  A party may adopt a statement "in any appropriate manner."  Fed. R. Evid. 801(d)(2) advisory committee's notes.  This includes adoption by oral response.  *See United States v. Monks*, 774 F.2d 945, 950 (9th Cir. 1985) (defendant adopted a third party's out of court statement that defendant had just robbed a bank by commenting in response that the robbery was easy); *see also* 5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 801.31[3][a] (2d ed. 2000).

A statement is only admissible as an adoptive admission if there are "sufficient foundational facts" that would allow the "jury reasonably to conclude that the defendant did actually hear, understand and accede to the statement." *Monks*, 774 F.2d at 950.  Here, Sanchez's jail calls were before the jury only in the form of English language transcripts, read aloud by co-counsel for the government.

3

*See* ER 9, 256–58. Sanchez's brief response, filtered through the oral presentation of counsel, was plainly insufficient to allow the jury to reasonably conclude that Sanchez adopted the statement at issue. The jury had no ability to consider Sanchez's tone or mannerisms during the conversation. The four words he used reveal little of his intent to adopt. Sanchez's words could have just as readily indicated his mere acknowledgment that he heard the statement, not that he was acceding to its truth. In the absence of sufficient evidence allowing the jury to reasonably conclude Sanchez adopted Marta's statement, the district court's decision to admit it was an abuse of discretion.

2.      Additionally, the prosecutor's closing argument relating to Marta's reference to being paid "1500 for the thing about the dogs" was misconduct. The prosecutor argued that this statement was an obscured reference to Sanchez being paid extra for his arrest while smuggling drugs. ER 401. He argued:

> [Sanchez's] family was paid extra because he got caught. In the calls that you heard, the defendant said to Chui, "The dogs, man. The dogs came directly to me. They came directly. It was dogs." In a later call, his wife says, "I received $1500 because of the thing about the dogs." If you recruit people to import cocaine into the United States from Mexico . . . wouldn't you promise to pay the person — not just to pay the person who crossed the drugs, but promise to give their family more money if they got caught. Wouldn't you actually do that, because don't you care about your reputation?
> . . .

4

> Exhibit No. 10, this is the other half of the dog conversation. "Did Chui give you anything?" "No, just 1500 for the thing about the dogs." He got $1500 extra because he got caught by the dogs.

ER 400–01, 403.

A prosecutor may "strike hard blows" in closing argument "based on the evidence and all reasonable inferences from the evidence." *United States v. Tucker*, 641 F.3d 1110, 1120 (9th Cir. 2011) (internal quotation marks omitted). A prosecutor may not, however, base closing argument on evidence not in the record. *United States v. Gray*, 876 F.2d 1411, 1417 (9th Cir. 1989). A prosecutor must also be careful to phrase the argument "in such a manner that it is clear to the jury that [he or she] is summarizing evidence rather than inserting personal knowledge and opinion into the case." *United States v. Hermanek*, 289 F.3d 1076, 1100 (9th Cir. 2002). Rulings on claims of prosecutorial misconduct are reviewed for abuse of discretion. *United States v. Reyes*, 660 F.3d 454, 461 (9th Cir. 2011). Harmless error review applies when the defendant timely objects to the alleged misconduct. *Id.*

There are two errors in the prosecutor's statements. First, the argument that drug traffickers would pay the family of a detained drug smuggler extra money was not supported by any evidence. There was no testimony of an expert witness regarding how drug gangs in the region commonly operate. Furthermore, there

5

was no evidence in the record regarding who might have recruited Sanchez to smuggle drugs into the United States or the nature and practices of their organization. The prosecutor's closing was, in effect, the missing testimony regarding best practices in the drug trade and the expected behavior of the traffickers involved in this case. A prosecutor may not testify to the jury in this manner. *See United States v. McKoy*, 771 F.2d 1207, 1211 (9th Cir. 1985); *Hermanek*, 289 F.3d at 1100.

Second, the prosecutor misstated the evidence by incorrectly quoting Marta as referring to 1500 American dollars. In fact, her comment was ambiguous on this point and could have been referring to any currency, including pesos, the currency of her home country of Mexico. This difference is significant because Sanchez's explanation for the comment—payment of a dog-sitting fee—is significantly less plausible if Marta received $1500 rather than 1500 pesos (roughly $100). While the prosecutor could reasonably have inferred that Marta was talking about American dollars, he could not flatly state that this was what she said. *See United States v. Kojayan*, 8 F.3d 1315, 1321 (9th Cir. 1993) (holding that it is "definitely improper" for a prosecutor to make "unsupported factual claims" during closing).

3. The government failed to argue in its answering brief why we should

6

apply harmless error review. It has, therefore, waived its entitlement to such review as to either of the errors we have found. *United States v. Kloehn*, 620 F.3d 1122, 1130 (9th Cir. 2010). "[W]e have discretion to consider harmlessness sua sponte in extraordinary cases." *United States v. Brooks*, 772 F.3d 1161, 1171 (9th Cir. 2014). Three factors should be evaluated in determining whether a case is "extraordinary": "(1) the length and complexity of the record, (2) whether the harmlessness of an error is certain or debatable, and (3) the futility and costliness of reversal and further litigation." *Id.* (internal quotation marks omitted). The second factor is most important. *Id. Sua sponte* recognition of harmless error is inappropriate unless the harmlessness of the error is not reasonably debatable. *Id.* Thus, the second factor functions as a threshold question that is potentially dispositive of the analysis.

As stated above, there were two errors during Sanchez's trial. The prosecutor placed heavy weight during closing argument on the jail calls and his interpretation of those calls, particularly his improper interpretation of the inadmissible hearsay comment by Marta. *See* ER 400–01, 403. Given the significance of the errors to the government's case against Sanchez, the issue of harmlessness is reasonably debatable to say the least. *Cf. id.* at 1172 (conducting harmless error review *sua sponte* where the evidence supporting the verdict was

"overwhelming").  Because the second—and dispositive—factor is not met, conducting harmless error review *sua sponte* is not appropriate in this case.

The judgment is reversed, and this case is remanded to the district court for further proceedings in accordance with this memorandum.

**REVERSED AND REMANDED.**